UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS MCNELLEY, and KAREN PARIS, <br><br> Plaintiff, <br><br> vs. <br><br> 7-ELEVEN, INC., <br><br> Defendant. | Case No. |

**DEFENDANT 7-ELEVEN, INC.'S NOTICE OF REMOVAL**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, COMMONWEALTH OF MASSACHUSETTS:**

**PLEASE TAKE NOTICE** that Defendant 7-Eleven, Inc. hereby removes to this Court the state-court action described below:

**I.      FILING AND SERVICE OF THE COMPLAINT**

1.      On September 27, 2021, Plaintiffs Thomas McNelley and Karen Paris ("Plaintiffs") commenced an action against Defendants 7-Eleven, Inc. and Rachid Bumlik in the Commonwealth of Massachusetts, Essex County Superior Court ("Essex Superior Court"), Docket Number 2177-CV-00964-A (the "State Court Action") by filing a Complaint entitled *Thomas McNelley and Karen Paris, Plaintiffs vs. 7-Eleven, Inc. and Rachid Bumlik, Defendants*.

2.      On December 13, 2021, Plaintiffs filed an Assented Leave to Amend Second Time along with a Second Amended Complaint ("SAC") which dismissed Rachid Bumlik and named Defendant 7-Eleven, Inc. as the sole defendant.

3.      The Motion was allowed and the SAC was docketed by the Essex Superior Court on December 16, 2021. A true and correct copy of the SAC is attached hereto as **Exhibit A**.

4.      This Notice of Removal is being timely filed within thirty days of the allowance of SAC in the State Court Action. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

5.      Removal is proper because this Court has original jurisdiction over this action based on diversity of citizenship between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs pursuant to 28 U.S.C. § 1332. The basis for diversity jurisdiction is set forth below.

## THIS COURT HAS DIVERSITY JURISDICTION

6.      Complete diversity of citizenship exists in that Plaintiffs are and at all relevant times were Massachusetts citizens, and Defendant 7-Eleven, Inc. is and at all times was a corporation incorporated under the laws of the state of Texas and having its principal place of business in the state of Texas (SAC ¶¶ 3-6).

7.      The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiffs seek damages, including triple and punitive damages (SAC ¶¶ 75, 85, 95, 105, 112, 122, 133 demands b., c. and g.) and has made a demand upon Defendant in excess of $90,000 for alleged damages they have suffered.

8.      In addition, Defendant believes that Plaintiffs are seeking injunctive relief to remove claimed access barriers that would easily cost in excess of $75,000 to provide. (SAC¶¶ 75, 85, 95, 105, 112, 122, 133 demand i. *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002) (when plaintiff seeks injunctive relief, amount in controversy may be the cost to defendant if such relief is granted).

9.      Plaintiffs have alleged that there exists architectural barriers which need to be fixed and the amount it would cost to fix all alleged barriers exceeds $75,000.

10. Plaintiffs also seek to recover his attorney's fees. (Complaint ¶¶ 75, 85, 95, 105, 112, 122, 133, demand e). Thus, the matter in controversy for Plaintiffs' individual claims also exceeds the sum of $75,000, exclusive of interest and costs.

## THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED

11. The filing of this Notice of Removal is filed within the time period required under 28 U.S.C. § 1446(b).

12. Defendant will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will promptly file with the Clerk of the Essex Superior Court and serve on all parties a true and correct copy of this Notice of Removal.

13. Pursuant to Local Rule 81.1(a), Defendant will request from the clerk of the Plymouth Superior Court certified or attested copies of all records and proceedings in the state court, and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, and shall file the same with this Court within twenty-eight (28) days after the filing of this Notice of Removal.

14. By filing this Notice of Removal, Defendant does not waive any jurisdictional objection or other defense that is or may be available to them.

15. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, Defendant prays that the above action now pending against it in the Essex Superior Court be removed to this Court.

Respectfully submitted,

Dated: January 13, 2022

/s/ Lauren A. Solar

Lauren A. Solar, Esq., BBO #657289
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
Tel: 617-422-0200
las@bostonbusinesslaw.com

Michael S. Orr, CA Bar No. 196844
(admitted *Pro Hac Vice*)
Call & Jensen, A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
msorr@calljensen.com

Attorneys for Defendant 7-Eleven, Inc.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party by mail and electronic mail on January 13, 2022.

/s/ Lauren A. Solar
_____
Lauren A. Solar, BBO #657289