**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| THOMAS MCNELLEY<br>and<br>KAREN PARIS,<br><br>            Plaintiffs,<br><br>  v.<br><br>7-ELEVEN, INC.,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **C.A. NO. 1:22-CV-10046-ADB** |

**PLAINTIFFS' MOTION FOR FEES/COSTS**

**NOW COME** counsel for the Plaintiffs in the above-captioned matter and respectfully petition this Honorable Court to order the Defendant to pay counsel's legal fees and costs incurred in the matter and state in support thereof as follows:

1. The litigation began in Essex Superior Court on September 27, 2021. A First Amended Complaint was filed on November 16, 2021 and a Second Amended Complaint on December 13, 2021. The Defendant then removed the case to the United States District Court for the District of Massachusetts on January 13, 2022 pursuant to 28 U.S.C. § 1446(d). The Defendant Answered on January 22, 2022. Discovery proceeded and the case went to trial.

2. On May 3, 2023, the jury returned a unanimous verdict for McNelley in the amount of $20,000.

3. On May 26, 2023, 7-Eleven, Inc. ("7-Eleven") filed a Motion for Judgment as a Matter of Law and/or a New Trial which McNelley opposed.

4. 7-Eleven's motion has been denied by the Court.

1

.

5. The Plaintiffs' counsel have expended considerable time and financial risk to represent the Plaintiffs and to vigorously advocate for the Plaintiffs' right of access to places of public accommodation.

6. The jury returned a verdict for damages in the amount of $20,000 and also found that 7-Eleven was unfair and violated Mass. Gen. Laws ch. 93A.

7. All that remains is the amount of the Plaintiffs' attorneys' fees/costs for which the Defendant bears liability under the express provisions of Mass. Gen. Laws ch. 272, § 98 and Mass. Gen. Laws ch. 93A. The legal fees are outlined in the accompanying detailed bill attached to counsel's affidavit.

8. Counsel has achieved a result awarding McNelley both compensatory damages and punitive damages.

9. The Plaintiffs have served a public good that will hopefully result in disabled persons being able to enjoy increased access to more places of public accommodation because they have held a convenience store responsible for failing to honor the laws protecting disabled persons.

    **WHEREFORE**, counsel for the Plaintiffs pray this Honorable Court will award counsel the fees and costs outlined in the accompanying affidavit and bill.

In support thereof, the Plaintiffs submit the accompanying Memorandum of Law.

<div style="margin-left:40%">

Respectfully submitted,
THOMAS MCNELLEY and KAREN PARIS,
Plaintiffs,
By their attorneys,

*/s/ Walter H. Jacobs*
_____

</div>

2

WALTER H. JACOBS
BBO #672106
wjacobslaw@gmail.com

*/s/ Alexandria A. Jacobs*

_____
ALEXANDRIA A. JACOBS
BBO # 682114
ajacobslaw@gmail.com

W. Jacobs and Associates at Law, L.L.C.
795 Turnpike Road
North Andover, MA 01845

Dated: March 30, 2024          978-688-0900

## CERTIFICATE OF COMPLIANCE

I hereby certify, in compliance with Local Rule 7.1(a)(2), that I have conferred with Defendants' counsel and have attempted in good faith to resolve or narrow the issues raised herein.

*/s/ Walter H. Jacobs*

_____
WALTER H. JACOBS

## CERTIFICATE OF SERVICE

I hereby certify, in compliance with Local Rule 5.2(b), that this document(s) filed through the EFC system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

*/s/ Walter H. Jacobs*

_____
WALTER H. JACOBS

Dated: April 13, 2024