UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS MCNELLEY<br>and<br>KAREN PARIS,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>7-ELEVEN, INC.,<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. NO. 1:22-CV-10046-ADB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR FEES/COSTS**

## I.  STATEMENT OF THE CASE
### A.  OVERVIEW

Karen Paris ("Paris") and Thomas McNelley ("McNelly"), collectively the "Plaintiffs," have shopped at the 7-Eleven at 1 First Avenue, Charlestown, MA 02129 (the "Store") for several years. McNelley is totally disabled and wheelchair-bound from significant cerebral palsy. Paris is disabled by deafness and other medical challenges. The Defendant discriminated against and retaliated against the Plaintiffs both by failing to provide adequate disability accommodation access to the Store and by failing to provide accommodations for the hard of hearing, in spite of written policies to make those accommodations. Accommodations that are mandated by law and required by corporate policy that are ignored in practice are meaningless.

Paris and McNelley filed suit against 7-Eleven for, among other counts, violation of Mass. Gen. Laws ch. 272, § 98, Mass. Gen. Laws ch. 151B, and Mass. Gen. Laws ch. 93A, and prevailed at trial. The jury awarded McNelley "$5,000 in emotional distress damages and

1

$15,000 in punitive damages, and awarded Ms. Paris no damages." *See* Mem. and Order. 7-Eleven then moved for judgement as a matter of law and/or for a new trial but was denied. McNelley now moves for an award of fees and costs.

### B.  PROCEDURE

The litigation began in Essex Superior Court on September 27, 2021. A First Amended Complaint was filed on November 16, 2021 and a Second Amended Complaint on December 13, 2021. The Defendant then removed the case to the United States District Court for the District of Massachusetts on January 13, 2022 pursuant to 28 U.S.C. § 1446(d). The Defendant Answered on January 22, 2022. Discovery proceeded and the case went to trial.

On May 3, 2023, the jury returned a unanimous verdict for McNelley for $20,000. On May 26, 2023, 7-Eleven, Inc. ("7-Eleven") filed a Motion for Judgment as a Matter of Law and/or a New Trial, which McNelley opposed.  7-Eleven's motion was denied by the Court. McNelley now submits his motion for fees/costs.

### II.  STATEMENT OF THE ISSUES

**A. WHETHER MCNELLEY IS ENTITLED TO FEES/COSTS AND THE AMOUNT THEREOF?**

### IV. ARGUMENT
### A.  SUMMARY OF THE ARGUMENT

Mass. Gen. Laws ch. 272, § 98, Mass. Gen. Laws ch. 151B, and Mass. Gen. Laws ch. 93A allow for reasonable attorneys' fees and costs to a prevailing party. McNelley prevailed in the instant case and jury awarded him both compensatory and punitive damages. He is therefore also entitled to an award of attorneys' fees and costs as outlined herein and in counsel's affidavit and invoice.

B.  ARGUMENT

1. **MCNELLEY IS ENTITLED TO FEES/COSTS AND THE AMOUNT OUTLINED IN COUNSEL'S AFFIDAVIT AND ACCOMPANYING INVOICE.**

*Killeen v. Westban Hotel Venture, LP*, 69 Mass. App. Ct. 784, 792 (2007) suggested that counsel fees are recoverable since the efforts on behalf of McNelley had to be made to effect the result for McNelley and are directly connected with the prevailing claims. In *Killeen* the Court held "[a]s noted earlier, the fee provision in G. L. c. 149, § 150, is mandatory and requires award of a reasonable fee to one who "prevails" in an action to which the statute applies. The award of compensatory/punitive damages to the plaintiff, though modest, altered the legal relationship between him and the defendant, made him the "prevailing party" in the litigation, and, Mass. Gen. Laws ch. 272, § 98, Mass. Gen. Laws ch. 151B, and Mass. Gen. Laws ch. 93A all have similar provision for counsel fees/costs.

Mass. Gen. Laws ch. 151B, § 5 mandates an award of "reasonable attorney's fees and costs to any prevailing complainant." *See* Mass. Gen. Laws ch. 151B, § 5. The determination of whether a fee sought is reasonable is subject to discretion and includes such factors as the time and resources required to litigate a claim of discrimination. *Baker v. Winchester School Committee*, 14 MDLR 1097 (1992). MCAD has adopted the lodestar methodology for fee computation. *Id*. *Grendel's Den v. Larkin*, 749 F.2d 945, 952 (1st Cir. 1984); *Brown v. City of Salem*, 14 MDLR 1365 (1992). The party seeking fees has a duty to submit detailed and contemporaneous time records to document the hours spent on the case. *Denton v. Boilermakers Local 29*, 673 F. Supp. 37, 53 (D. Mass. 1987); *Baker v. Winchester School Committee*, 14 MDLR 1097 (1992).

In addition, *Killeen* noted the following regarding reasonableness of counsel fees:

> **"The basic measure of reasonable attorney's fees is a 'fair market rate for the time reasonably spent preparing and litigating a case.'"** *Stowe v. Bologna*, 417 Mass. 199, 203 (1994), quoting from *Fontaine v. Ebtec Corp.*, 415 Mass. 309, 326

3

> **(1993).** *See Stratos v. Department of Pub. Welfare*, **387 Mass. 312, 322 (1982).** This approach to fee calculations is known as the "lodestar" approach, *Fontaine v. Ebtec Corp.*, 415 Mass. at 325; *Stratos v. Department of Pub. Welfare*, 387 Mass. at 321-322, and the results it produces "should govern unless there are special reasons to depart from them." *Stratos v. Department of Pub. Welfare*, 387 Mass. at 322. *See Fontaine v. Ebtec Corp.*, 415 Mass. at 325; *Stowe v. Bologna*, 417 Mass. at 203. In this area, as in others, much is left to the discretion of the trial judge, for she typically "is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney's services." *Fontaine v. Ebtec Corp.*, 415 Mass. at 324. *See Stowe v. Bologna*, 417 Mass. at 203….The proper method for determining the lodestar was explained succinctly in *Stowe v. Bologna*, 417 Mass. at 203-204: "The first component of the basic measure amount is the amount of time reasonably expended on the case. The judge should begin his inquiry with the amount of time documented by the plaintiff's attorney. *Stratos, supra* at 322-323. Then the judge decides whether this amount of time was reasonably expended. *Id.*, and cases cited. The judge should not only consider the plaintiff's financial interests at stake but also the plaintiff's other interests sought to be protected by the statute in question and the public interest in having persons with valid claims under the statute represented by competent legal counsel. *See [i]d.* at 323. The second component of the basic measure amount is the amount of a reasonable hourly rate. This amount should be the average rate in the community for similar work by attorneys with the same years' experience. *Stratos*, *supra* at 323-324, and cases cited." In deciding whether the documented time was reasonably expended the judge may, in addition to considering the interests at stake, also consider many of the factors articulated in *Linthicum v. Archambault*, 379 Mass. 381, 388-389 (1979), i.e., the nature of the case and the issues presented, the time and labor required, the amount of damages involved, and the result obtained. Those factors have been used for years as guides to assessment of reasonable fees in Massachusetts cases, see *Cummings v. National Shawmut Bank*, 284 Mass. 563, 569 (1933), and continue to be useful guides to determining time reasonably spent when applying the lodestar methodology. *See, e.g., Stowe v. Bologna*, 417 Mass. at 203. *See also Siegel v. Berkshire Life Ins. Co.*, 64 Mass. App. Ct. 698, 706 n.8 (2005) (noting that "[u]nder the lodestar method, [these] other, formerly separate considerations, *see, e.g., Linthicum v. Archambault,* 379 Mass. at 388- 389, come into play indirectly"). Compare *Stratos v. Department of Pub. Welfare*, 387 Mass. at 322-323 (applying the Federal *Johnson* factors, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 [5th Cir. 1974], [Note 8] to the lodestar approach)…**Consequently, when a plaintiff's victory, although "de minimis as to the extent of relief . . . represent[s] a significant legal conclusion serving an important public purpose,"** *Diaz-Rivera v. Rivera-Rodriguez***, 377 F.3d 119, 125 (1st Cir. 2004), the fee award need not be proportionate to the damages recovered.** *See id*. **(discussing 42 U.S.C. § 1988);** *Stratos v. Department of Pub. Welfare***, 387 Mass. at 323.** *See also Riverside v. Rivera***, 477 U.S. 561, 573-574 (1986);** *Gay Officers Action League v. Puerto Rico***, 247 F.3d at 296.**
> 
> *Killeen v. Westban Hotel Venture, LP*, 69 Mass. App. Ct. at 790-792
> (Emphasis added).

4

In *Vermont Mutual Insurance Company v. Poirier*, 490 Mass. 161, *11-12 SJC No. 13209 (Mass. July 6, 2022), the Court similarly outlined in dicta:

> Attorney's fees expended to pursue a c. 93A claim are different. They reflect the cost of bringing suit to recover the c. 93A relief requested. Under the American rule, parties are ordinarily responsible for paying their own attorney's fees, even if they succeed. *LaChancev. Commissioner of Correction*, 475 Mass. 757, 763 (2016). Had the plaintiffs sued only in tort or for breach of warranty, they would have been responsible for their own attorney's fees in pursuing these causes of action. There are, however, fee-shifting provisions, including G.L. c. 93A, §9(4), which is the cause of action at issue in the instant case. Courts may thus award both damages and attorney's fees, but that does not mean they award attorney's fees as damages. 8 General Laws c. 93A, §9, itself differentiates the two. "[R]ecovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater." G.L. c. 93A, §9(3).  That amount may be doubled or trebled for willful violations. *Id*."[I]n addition to other relief," **§9(4) provides that attorney's fees shall also be awarded. It does so "irrespective of the amount in controversy." The provision for attorney's fees is thus "a separate form of relief distinct from the award of damages.  "***Barron v. Fidelity Magellan Fund*, 57 Mass. App. Ct. 507,517 (2003).** It is also not doubled or trebled. *Rex Lumber Co. v. Acton Block Co.*, 29 Mass. App. Ct. 510, 522 (1990).9 **Consequently, even under G. L. c. 93A, damages and attorney's fees for pursuing the c. 93A action are decoupled and treated differently. They serve two different purposes--damages are to compensate for the injury, and awards of attorney's fees are to deter misconduct and recognize the public benefit of bringing the misconduct to light.  See Barron, 57 Mass. App. Ct. at 517–518.** *See also Commonwealth v. Fall River Motor Sales, Inc.*, **409 Mass. 302, 316 (1991).**  This court has characterized certain fee-shifting statutes, including G.L. c. 93A, §9(4), as **serving two purposes: "First, they act as a powerful disincentive against unlawful conduct.  Second, they often provide an incentive for attorneys to provide representation in cases that otherwise would not be financially prudent for them to take on, and in that sense they help to assure that claimants who might not be able to afford counsel, or whose claims are too small to warrant an expenditure of funds for counsel, will be represented"** *Ferman v. Sturgis Cleaners, Inc.*, **481 Mass. 488, 493 (2019),** quoting *Commonwealth v. Augustine*, **470 Mass. 837, 842 (2015).**
> Note 8: **There is one exception, which is not relevant here: "If a c. 93A violation forces someone to incur legal fees and expenses that are not simply those incurred in vindicating that person's rights under the statute, those fees may be treated as actual damages in the same way as other losses of money or property."** *Siegel v. Berkshire Life Ins. Co.*, **64 Mass. App. Ct. 698, 703-704(2005) (attorney's fees incurred in litigation against third party caused by c. 93A violation subject to multiplication). See, e.g.,** *Columbia Chiropractic*

*Group v. Trust Ins. Co.*, 430 Mass. 60, 63 (1999) (plaintiff's lawsuit against insurer to collect on fraudulent claims was unfair act or practice under G.L. c. 93A, and therefore attorney's fees spent in defense could be recovered and multiplied as c. 93A counterclaim); *Tech Plus v. Ansel*, 59 Mass. App. Ct. 12,21 (2003) ("A plaintiff ... may not show that she has suffered a loss of money or property within the meaning of [G.L. c. 93A, §11,] merely by showing that she has incurred attorney's fees and other costs in bringing an action under the statute. Rather, she must show that she was forced to incur such expenses as a result of the defendants' initiation of litigation which itself constituted a violation of the statute"[citation omitted]).

Note 9: We note that petitioners cannot recover "attorney's fees and costs which are incurred after the rejection of a reasonable written offer of settlement made within thirty days of the mailing or delivery of the written demand for relief required by this section." G. L. c. 93A, § 9(4).

*Vermont Mutual Insurance Company v. Poirier*, 490 Mass. 161, *11-12 SJC No. 13209 (Mass. July 6, 2022) (Emphasis added).

### III. CONCLUSION

For the reasons outlined *supra*, McNelley is entitled to fees/costs as documented in his counsel's affidavit and accompanying invoice.

        Respectfully submitted,
        THOMAS MCNELLEY and KAREN PARIS,
        Plaintiffs,
        By their attorneys,

        */s/ Walter H. Jacobs*
        _____
        WALTER H. JACOBS
        BBO #672106
        wjacobslaw@gmail.com

        */s/ Alexandria A. Jacobs*
        _____
        ALEXANDRIA A. JACOBS
        BBO # 682114
        ajacobslaw@gmail.com

        W. Jacobs and Associates at Law, L.L.C.
        795 Turnpike Road
        North Andover, MA 01845
Dated: April 1, 2024        978-688-0900

**CERTIFICATE OF SERVICE**

 I hereby certify, in compliance with Local Rule 5.2(b), that this document(s) filed through the EFC system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

                  */s/ Walter H. Jacobs*

Dated: April 13, 2024           WALTER H. JACOBS

7